UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

REGGIE CASWELL,

                              Plaintiff,

      v.                                                 9:17-CV-1384
                                                          (MAD/DJS)

CHRISTOPHER MILLER, et al.,

                              Defendants.
_____

APPEARANCES:

REGGIE CASWELL
06-B-1117
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

BARBARA UNDERWOOD                    MICHAEL G. McCARTIN, ESQ.
New York State Attorney General        Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

      Plaintiff Reggie Caswell commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis, a motion for appointment of counsel, and a motion for a preliminary injunction.  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"); Dkt. No. 4 ("Motion for

Counsel"); Dkt No. 5 ("Preliminary Injunction Motion").

By Decision and Order filed February 26, 2018, plaintiff's IFP Application was granted, and after screening the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), this Court dismissed certain claims from this action, found that plaintiff's Eighth Amendment failure-to-protect claims against defendants Miller, Mulcahy, and Rathun survived sua sponte review and required a response, denied plaintiff's Motion for Counsel without prejudice, and directed a response to plaintiff's Preliminary Injunction Motion. Dkt. No. 7 (the "February 2018 Order").

Thereafter, defendants opposed the Preliminary Injunction Motion,[1] and by Decision and Order filed April 2, 2018, the Court denied the motion. Dkt. No. 16 ("April 2018 Order"). Presently before the Court is plaintiff's "motion" seeking to "withdraw the complaint," and have the action sealed. Dkt. No. 20.[2] Defendants do not oppose dismissal of this action with prejudice, and take no position on plaintiff's sealing request. Dkt. No. 21.

## II.   VOLUNTARY DISMISSAL

Plaintiff seeks an order "withdrawing" the complaint. Dkt. No. 20 at 1. In support of his request, he states that, because he sought only injunctive relief in his complaint in the form of protective custody, and received a transfer to Auburn Correctional Facility, he "does not wish to pursue any additional claims against the defendants and their unlawful actions." Dkt. No. 20 at 4.

The Court construes plaintiff's request to "withdraw" the complaint as an application

---

[1] *See* Dkt. No. 14.

[2] Plaintiff's Notice of Motion is captioned as a motion "To Withdraw Complaint and Seal Case." Dkt. No. 20 at 1.

seeking voluntary dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.  Rule 41(a)(1) provides, in relevant part, that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i).  Rule 41(a)(2) provides, in relevant part, that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, [the] dismissal . . . is without prejudice."

In this case, plaintiff's affirmation of service indicates that he delivered his motion for mailing on April 27, 2018.  *See* Dkt. No. 20-1 at 1.[3]  Under the "prison mailbox rule," the date of filing is deemed to be the date that plaintiff delivered his motion papers for mailing to the court, which is presumed to be the date that the motion was signed.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001).

Defendants filed their answer on April 30, 2018, without a certificate of service.  *See* Dkt. No. 17.  In any event, pursuant to the prison mailbox rule, plaintiff's motion is deemed to have been filed before plaintiff was served with defendants' answer such that plaintiff's motion is governed by Rule 41(a)(1).

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), plaintiff was entitled to voluntary dismissal of this action without prejudice, without further order of the court, upon the filing of his notice.[4]

---

[3] The motion was mailed on April 30, 2018.  *See* Dkt. No. 20-1 at 2.

[4] The Court has also considered defendants' request that the dismissal be with prejudice.  *See* Dkt. No. 21.  Even assuming plaintiff's motion were subject to the requirements of Fed. R. Civ. P. 41(a)(2), dismissal with prejudice would not be appropriate because defendants have not articulated how they may be prejudiced by a dismissal without prejudice, and "Rule 41(a)(2) . . . creates a presumption in favor of dismissal without prejudice by providing that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Am. Fed'n of State, Cty. & Mun. Employees Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12-CV-2237, 2013 WL 3328219, at *2 (S.D.N.Y. July 2, 2013).

As a result, upon the filing of plaintiff's notice requesting to withdraw this action, this action was dismissed, without prejudice, and an order of the court was not required in order to implement that dismissal.

### III.   SEALING REQUEST

Plaintiff asks this Court to seal this action "so that inmates cannot gain access to the complaints/pleadings/orders which reflect that plaintiff was assaulted twice, then forced to testify against a Blood Member, per defendants' policy."  Dkt. No. 20 at 4.

The common law right of public access to "judicial documents," i.e., documents filed with a court that are "'relevant to the performance of the judicial function and useful in the judicial process'" is well-established.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo* I")).[5]  It is also "well established that the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'"  *Id.* at 120 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)).  The burden of demonstrating that case records should be sealed rests on the party seeking such action.  *See, e.g., DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).  Additionally, the Supreme Court has explained that "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978) (citations omitted).

In *Lugosch*, the Second Circuit enumerated the steps that a court must take in

---

[5] "The common law right of public access to judicial documents is said to predate the Constitution." *Amodeo* I, 44 F.3d at 145.

4

exercising this discretion.  First, a court must determine whether "the documents at issue are 'judicial documents'" to which the presumption of access attaches.  *Lugosch*, 435 F.3d at 119 (quotation omitted).  If so, the court must next determine the weight of the presumption of access.  *Id.*  "'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'"  *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II")); *see also Amodeo* II, 71 F.3d at 1048 (explaining the importance of "professional and public monitoring" of the judiciary to its "democratic control" and concluding that "[s]uch monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions").[6]  Finally, after determining the weight of the presumption of access, the court must "balance competing considerations against it."  *Lugosch*, 435 F.3d at 120 (quotations and citation omitted).  "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and the privacy interests of those resisting disclosure."  *Id.* (quotations and citation omitted).

Here, while the Court is sensitive to plaintiff's allegations of assault, and is also mindful of plaintiff's concern that public disclosure of his victimization could make him vulnerable to further assaults, the Court is not persuaded that an order sealing this action is justified.  Plaintiff's identity and allegations have been known to the defendants since the complaint

---

[6] As the Second Circuit explained in *Lugosch*, "'[g]enerally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'"  435 F.3d at 119 (quoting *Amodeo II*, 71 F.3d at 1049).  For example, documents passed between the parties during the course of discovery are beyond the presumption's reach and "stand on a different footing than a motion filed by a party seeking action by the court, or, indeed, than any other document which is presented to the court to invoke its powers or affect its decisions."  *Amodeo II*, 71 F.3d at 1050 (internal quotations, citations, and alterations omitted).

5

was served on them, and their ability to communicate with others regarding plaintiff's claims has not been subject to judicial restriction. Plaintiff also admittedly testified against a "Blood Member" as part of a disciplinary hearing that occurred prior to commencement of this action,[7] and any testimony offered at that hearing is not subject to judicial restriction. In addition, while plaintiff remains in DOCCS custody, he does not allege that his concern regarding further acts of violence remains ongoing since his transfer to Auburn Correctional Facility. Thus, plaintiff has not met his burden of demonstrating that "the most compelling reasons" exist and dictate that the entire record in this action should be sealed from public view. *See Lugosch*, 435 F.3d at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Accordingly, and with due regard for plaintiff's status as a pro se litigant, the Court finds that there is nothing in the complaint which rebuts the public's presumptive right of access to the judicial documents in this case. Plaintiff's motion to seal this action is therefore denied.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that in accordance with plaintiff's notice (Dkt. No. 20) to voluntarily dismiss this action, the Clerk of the Court shall close this case and reflect that the action is voluntarily dismissed without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that plaintiff's motion to seal this action (Dkt. No. 20) is **DENIED**; and it is

---

[7] *See* Compl. at 10-11.

further

**ORDERED** that the Clerk of the Court shall provide the parties with a copy of this Decision and Order.

**IT IS SO ORDERED.**

Dated: May 10, 2018
       Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge